UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA MAY ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:18-cv-00613-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

This matter is before the court on Debra May Arnold's ("claimant") request for judicial review of an unfavorable decision regarding her application for a period of disability and disability insurance benefits. At a hearing on July 8, 2019, we heard argument from the parties. We have reviewed the record, administrative transcript, briefs of the parties, and applicable law, and have considered arguments made at the hearing. For the reasons stated in this order, we vacate the administrative decision of the Commissioner of the Social Security Administration and remand this case for further proceedings before the Administrative Law Judge ("ALJ").

We remand because the ALJ did not explain what weight she gave the opinion of Dr. Gebreegziabher or explain why such weight was appropriate. Dr. Gebreegziabher, a treating physician and cardiac specialist, opined that claimant's cardiac impairment rendered her unable to occasionally lift 20 pounds or frequently lift 10 pounds. AR 650. The record contains extensive documentation of Dr. Gebreegziabher's meetings with claimant and the treatment she received under Dr. Gebreegziabher's care. *See* AR 468-78, 498-501, 545-46, 552-55, 565. The ALJ does

1

not explicitly recognize that Dr. Gebreegziabher is a treating physician and cardiac specialist, state how much weight Dr. Gebreegziabher's opinion was given, or sufficiently explain why his opinion was weighted differently than any other medical opinion. *See* AR 27. Instead, the ALJ characterizes Dr. Gebreegziabher's opinion as follows:

> The record also contains a statement by Dr. Gebreegziabher. This report indicates the claimant has some limitations from palpitations, dyspnea, and chest pain. She has frequent PVCs and is on medical therapy for ventricular premature contractions. The report fails to provide further information and only directs the reader to the medical record for support (*see* [AR 650]). I have reviewed the cardiology records and find this January 6, 2017 report provides no additional insight into the claimant's cardiac complaints. Nonetheless, I gave due consideration to the claimant's cardiac symptoms and the residual functional capacity reflects exertional limitations with these in mind. However, I do not find the claimant's cardiac complaints cause more than minimal limitations to her ability to perform work-related activities.

AR 27.

In this case, Dr. Gebreegziabher's opinion was contradicted by an examining professional's opinion. Thus, Dr. Gebreegziabher's opinion may only be rejected by the ALJ for "specific and legitimate" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Additionally, the ALJ must consider the listed factors for medical opinions in 20 CFR § 404.1527(c). These factors include treatment relationship, the extent to which the opinion is supported by the evidence, and whether the medical source is a specialist.

Without an explanation of the weight the ALJ placed on Dr. Gebreegziabher's opinion, we cannot do our job as a reviewing court.[1] Here, it appears that the ALJ failed sufficiently to evaluate and weigh Dr. Gebreegziabher's opinion. This was legal error.

The error is not harmless. Dr. Gebreegziabher's opinion is that claimant should have limitations beyond what the ALJ ultimately found. Although the ALJ limited claimant to "have no concentrated exposure to pulmonary irritants, never operate a motor vehicle as a job task, or be exposed to extreme cold," these limitations do not necessarily address the issues identified by Dr. Gebreegziabher. In the absence of any explanation from the ALJ, we are unable to say that Dr.

---

[1] If the ALJ intended to credit Dr. Wagner's opinion over that of Dr. Gebreegziabher without further explanation, that would appear to conflict with Ninth Circuit precedent, *see Garrison v. Colvin*, 759 F.3d 995, 1012-1014 (9th Cir. 2014).

2

Gebreegziabher's opinion is not in conflict with the ALJ's residual functional capacity determination.

Defendant cites *Magallanes v. Bowen*, 881 F.2d 747 (9th Cir. 1989), in arguing that the ALJ can disregard a treating physician's opinion if it is brief and conclusory "with little in the way of clinical findings" to support the physician's opinion. *Id.* at 751 (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986)). However, this case is more analogous to *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), because the ALJ did not offer specific and legitimate reasons supported by substantial evidence for rejecting Dr. Gebreegziabher's opinion. In *Garrison*, the court reviewed the ALJ's evaluation of a medical opinion by a treating physician, Dr. Wang, and found that the ALJ had committed a number of errors, including ignoring treatment records, reports, and medical tests; failing to recognize that the treating physician's opinion on a short questionnaire was based upon significant experience with the claimant; failing to compare Dr. Wang's records to other medical evidence; and failing to afford a treating physician the deference to which he was entitled under regulations and case law. *See id.* at 1013.

Like Dr. Wang in the *Garrison* case, Dr. Gebreegziabher in this case offered treatment records and notes to support his short-form opinion. Further, the ALJ does not explicitly compare Dr. Gebreegziabher's records with other medical evidence. In her evaluation of claimant's alleged irregular heartbeat, the ALJ cites to Dr. Gebreegziabher's diagnoses, but fails to explain (1) how Dr. Gebreegziabher's records support or contradict the other medical evidence or (2) the degree to which the doctor's records align with claimant's symptoms. *See* AR 21. The ALJ failed to explain what weight and deference, if any, that she gave to Dr. Gebreegziabher's opinion as a treating physician and cardiac specialist. *See* AR 27. Thus, the ALJ committed error by disregarding Dr. Gebreegziabher's opinion, and that error is not harmless because: (1) the ALJ provided no valid reasons for affording his opinion little or no weight; and, (2) if his opinion had been more heavily weighted, it could have changed the RFC determination. *See Fry v. Berryhill*, 749 F. App'x 659, 661 (9th Cir. 2019) ("Although the ALJ did not explain how Fry's travel to Colorado and joining a gym conflicted with Dr. Loli's and Mr. Jorgensen's opinions, the error was harmless because the ALJ provided other valid reasons for affording their opinions little

3

weight."); *see also Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015) (finding harmless error because claimant "has not identified any additional limitations the ALJ should have imposed in light of Dr. Caverly's GAF score").

The clerk of court is directed to enter judgment in favor of claimant Debra May Arnold and against defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:   July 16, 2019                                      _____
                                                                  UNITED STATES MAGISTRATE JUDGE

No. 204

4